**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**MATT W. BRANTLEY,**

    **Plaintiff,**

v.

**JEFF RICHARDS, et al.,**

    **Defendants.**

Case No. 18-2651-DDC-KGG

## MEMORANDUM AND ORDER

Plaintiff Matt W. Brantley brings this lawsuit asserting violations of his constitutional rights under 42 U.S.C. § 1983 and state law negligence claims. Plaintiff's lawsuit names thirteen defendants. Two are relevant here: (1) Franklin County, Kansas and (2) Franklin County Sheriff Jeff Richards, in his official capacity.[1] These two defendants have filed a Motion to Dismiss plaintiff's claims against them under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and under Fed. R. Civ. P. 12(b)(6) for failing to state a claim for relief. Doc. 32; *see also* Doc. 33 (Memorandum in Support). Plaintiff has filed a Response, conceding many of defendants' arguments for dismissal. Doc. 39. And, defendants have filed a Reply. Doc. 41. For reasons explained below, the court grants defendants' Motion to Dismiss (Doc. 32).

### I. Factual Background

The following facts come from plaintiff's Complaint (Doc. 1). The court accepts these facts as true and views them in the light most favorable to plaintiff. *S.E.C. v. Shields*, 744 F.3d

---

[1] Plaintiff also asserts claims against Sheriff Richards in his individual capacity. Defendant Richards has filed an Answer to the Complaint on the claims against him in his individual capacity. *See* Doc. 31. The current motion asks only to dismiss the official capacity claims against him. *See* Docs. 32, 33.

633, 640 (10th Cir. 2014) ("We accept as true all well-pleaded factual allegations in the complaint and view them in the light most favorable to the [plaintiff]." (citation and internal quotation marks omitted)).

On the night of December 2, 2016, plaintiff was located near Main Street in Ottawa, Kansas. A caller dialed 911 and reported that plaintiff was convulsing and looked like he needed an ambulance. Four Ottawa Police officers and two Franklin County Emergency Medical Technicians ("EMTs") were dispatched to the scene.[2] Officer Berg of the Ottawa Police Department arrived last. When Officer Berg arrived, plaintiff was "on the ground rolling around." Doc. 1 at 8 (Compl. ¶ 35). Officer Berg noticed that he "was lying on his side and appeared to be unconscious." *Id.* (Compl. ¶ 36). Officer Berg tried to wake plaintiff up using a sternum rub. When he awakened, plaintiff "was disoriented, could not answer questions[,] and made bizarre statements indicative of cognitive disfunction." *Id.* (Compl. ¶ 40). Officer Berg then arrested plaintiff for disorderly conduct and transported him to the Franklin County Adult Detention Center. Plaintiff never was examined by any EMTs, police officers, or other emergency personnel at the scene.

That same night, the Franklin County Adult Detention Center took custody of plaintiff. The Detention Center knew that plaintiff had been convulsing. Employees at the Detention Center put plaintiff in a "'detox' cell" where he remained for five days. *Id.* (Compl. ¶ 45). From December 2 to December 7, plaintiff "exhibited clear signs and symptoms of physical and mental distress" during his detention. *Id.* at 9 (Compl. ¶ 47). But, he did not receive any medical attention until December 7.

---

[2]   The Complaint also alleges the Ottawa Fire Department was dispatched to the scene. It does not identify if or when the Fire Department arrived.

On December 7, a Detention Center employee was checking on plaintiff when he "fell back and began shaking." *Id.* (Compl. ¶ 51). He also "was bleeding from the nose and spitting up blood." *Id.* Franklin County Emergency Medical Services ("EMS") was called to the Franklin County Adult Detention Center, and plaintiff was transported to the hospital "for seizure-like activity." *Id.* (Compl. ¶ 52). Plaintiff was experiencing an intracranial bleed.

On November 30, 2018, plaintiff filed suit against Franklin County, Sheriff Richards, three Detention Center employees, two EMTs, the City of Ottawa, and five Ottawa Police Officers asserting 42 U.S.C. § 1983 and state law negligence claims. Relevant here, plaintiff asserts three claims against both Franklin County, Kansas and Sheriff Richards: (1) a 42 U.S.C. § 1983 claim asserting deliberate indifference to plaintiff's medical needs and thus violating plaintiff's Fourteenth Amendment rights (Count II); (2) a negligence claim for breach of defendants' duty of reasonable care to provide plaintiff medical attention (Count IV); and (3) a negligence claim for breach of defendants' duty to train their officers and/or employees who supervise persons in their custody adequately (Count VI). Plaintiff also asserts a negligence claim against Franklin County for breach of the Franklin County EMS's duty of reasonable care to provide plaintiff medical attention (Count VII). Franklin County and Sheriff Richards, in his official capacity, move to dismiss all claims asserted against them.

## II. Legal Standard

As explained in more detail below, defendants' arguments for dismissal invoke Fed. R. Civ. P. 12(b)(1) (lack of subject matter jurisdiction) and Fed. R. Civ. P. 12(b)(6) (failing to state a claim upon which relief can be granted).

3

### A. Rule 12(b)(1)

Under Rule 12(b)(1), a defendant may move to dismiss for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "Federal courts are courts of limited jurisdiction and, as such, must have a statutory basis to exercise jurisdiction." *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002) (citation omitted). Federal district courts have original jurisdiction over all civil actions arising under the constitution, laws, or treaties of the United States or where there is diversity of citizenship. 28 U.S.C. §§ 1331–32. "A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974) (citation omitted). Since federal courts are courts of limited jurisdiction, the party invoking federal jurisdiction bears the burden to prove it exists. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Kinney v. Blue Dot Servs.*, 505 F. App'x 812, 814 (10th Cir. 2012) (explaining that the "court may not assume that a plaintiff can establish subject matter jurisdiction; it is the plaintiff's burden to prove it").

Generally, a Rule 12(b)(1) motion to dismiss consists of either a facial attack or a factual attack. *Davenport v. Wal-Mart Stores, Inc.*, No. 14-CV-2124-JAR-JPO, 2014 WL 3361729, at *1 (D. Kan. July 9, 2014). The Tenth Circuit has explained the difference between the two:

> First, a facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint. In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true. Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1).

*Holt v. United States*, 46 F.3d 1000, 1002–03 (10th Cir. 1995) (citations omitted).

### B. Rule 12(b)(6)

Under Rule 12(b)(6), a defendant may move to dismiss for failing to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court must assume that the factual allegations in the complaint are true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). But this requirement does not extend to every assertion made in the Complaint. The court is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "'Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice'" to state a claim for relief. *Bixler v. Foster*, 596 F.3d 751, 756 (10th Cir. 2010) (quoting *Ashcroft*, 556 U.S. at 678). Also, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations omitted).

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556); *see also Christy Sports, LLC v. Deer Valley Resort Co., Ltd.*, 555 F.3d 1188, 1192 (10th Cir. 2009) ("The question is whether, if the allegations are true, it is plausible and not merely possible that the plaintiff is entitled to relief under the relevant law." (citation omitted)). Essentially, "the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of

mustering factual support for *these* claims." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).  This plausibility standard reflects the requirement in Fed. R. Civ. P. 8 that pleadings must provide defendants with fair notice of the nature of the claims as well as the grounds upon which each claim rests.  *See Khalik v. United Air Lines*, 671 F.3d 1188, 1191–92 (10th Cir. 2012); *see also* Fed. R. Civ. P. 8(a)(1) (providing a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief"); *Ashcroft*, 556 U.S. at 678 (explaining Rule 8 "does not require 'detailed factual allegations,' but it demands more than . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" which, "'will not do'" (quoting *Twombly*, 550 U.S. at 555)).

**III.    Analysis**

Defendants move to dismiss all claims asserted against Franklin County, Kansas and Sheriff Richards in his official capacity.  *First*, Franklin County argues it is not a proper party and the claims against it should be dismissed for failing to state a claim upon which relief can be granted.  *Second*, Sheriff Richards argues he is entitled to Eleventh Amendment immunity and the 42 U.S.C. § 1983 claim against him should be dismissed for lack of subject matter jurisdiction and failing to state a claim upon which relief can be granted.  *Third*, defendants argue the court lacks subject matter jurisdiction over the state tort claims asserted against Franklin County and Sheriff Richards because plaintiff did not provide the notice required by Kansas law.  The court addresses each argument, in turn, below.  As the court explains, plaintiff concedes dismissal on these grounds is appropriate.  *See* Doc. 39.

        **A.**     **Franklin County as a Defendant**

*First*, defendants contend that Franklin County, Kansas is not a proper party, and even if plaintiff amended his Complaint to name the proper party—the Board of County Commissioners

of the County of Franklin—amendment would prove futile. Doc. 33 at 6–7. They thus contend the court should dismiss the claims against Franklin County for failing to state a claim upon which relief can be granted. Plaintiff concedes dismissal of Franklin County is appropriate. Doc. 39 at 4.

Indeed, "Kansas law provides that an action against a county shall name the Board of County Commissioners" rather than the county. *Harris v. City of Wichita*, *Sedgwick Cty., Kan.*, 862 F. Supp. 287, 292 (D. Kan. 1994) (explaining Sedgwick County was not a proper defendant and claims against it should be dismissed) (citing Kan. Stat. Ann. § 19-105); *see also Schwab v. Kansas*, No. 16-CV-4033-DDC-KGS, 2017 WL 2831508, at *13 (D. Kan. June 30, 2017) (explaining plaintiffs had failed to state a plausible claim against Riley County because it "is not a legal entity with the capacity to be sued"); *Barngrover v. Cty. of Shawnee*, No. 02-4021-JAR, 2002 WL 1758914, at *1 (D. Kan. June 10, 2002) (explaining it was improper to name the County of Shawnee as a defendant and dismissing county under Rule 12(b)(6)). And, "under Kansas law, the sheriff is an elected official tasked with the hiring, firing, and supervision of sheriff deputies," and "the conduct of the sheriff and his subordinates cannot be attributed to the county commissioners." *Humes v. Cummings*, No. 18-2123-DDC-GEB, 2019 WL 1596579, at *4 (D. Kan. Apr. 15, 2019) (internal quotation marks and citations omitted); *see also Wilson v. Sedgwick Cty. Bd. of Cty. Comm'rs*, No. 05-1210-MLB, 2006 WL 2850326, at *3–4 (D. Kan. Oct. 3, 2006); *Lee v. Wyandotte Cty., Kan.*, 586 F. Supp. 236, 238–39 (D. Kan. 1984). For this reason and because the court lacks jurisdiction over the state law claims against Franklin County, as explained below, amendment to sue the proper defendant would prove futile.

Agreeing with defendants' arguments for dismissal, plaintiff "seeks leave of this Court to enter dismissal" of Franklin County under Fed. R. Civ. P. 41(a)(2). Doc. 39 at 4. Rule 41(a)(2)

provides for dismissal "at the plaintiff's request . . . by court order, on terms that the court considers proper." But, except for this reference in plaintiff's Response, plaintiff hasn't filed a motion designed to secure dismissal under Rule 41. The court thus grants defendants' motion to dismiss under Rule 12(b)(6).

Here, the court dismisses only Count II's § 1983 claim against Franklin County because, as explained below, the court lacks jurisdiction over the state law tort claims against Franklin County. "Rule 12(b)(6) dismissals, unless otherwise indicated, constitute a dismissal *with* prejudice." *Slocum v. Corp. Express U.S. Inc.*, 446 F. App'x 957, 960 (10th Cir. 2011) (emphasis in original) (explaining Rule 12(b)(6) dismissals require the court to evaluate the substance of the complaint so they constitute adjudications on the merits); *see also Lee v. Pellant*, No. 07-4124-JAR, 2008 WL 336751, at *2 (D. Kan. Feb. 4, 2008) ("It is well settled that dismissal for failure to state a claim is a final judgment on the merits."). The court thus dismisses the § 1983 claim against Franklin County with prejudice because defendants have shown that dismissal on the merits is appropriate under controlling law.

### B.     Eleventh Amendment Immunity for Sheriff Richards

*Second*, defendants argue Sheriff Richards is entitled to Eleventh Amendment immunity on the claims asserted against him in his official capacity. Doc. 33 at 7–8. They contend the court should dismiss the official capacity claims against Sheriff Richards because the court lacks subject matter jurisdiction over those claims and because plaintiff has failed to state a claim upon which relief can be granted. Doc. 41 at 1. "The defense of sovereign immunity is jurisdictional in nature, depriving courts of subject-matter jurisdiction where applicable." *Normandy Apartments, Ltd. v. U.S. Dep't of Hous. & Urban Dev.*, 554 F.3d 1290, 1295 (10th Cir. 2009). So, the court considers defendants' immunity argument under Rule 12(b)(1). *See Davis v.*

*California*, No. 17-2125-JAR-JPO, 2017 WL 4758928, at *1 (D. Kan. Oct. 20, 2017) (construing Rule 12(b)(6) motion seeking dismissal based on sovereign immunity as a Rule 12(b)(1) motion); *Hibben v. Okla. ex rel. Dep't of Veterans Affairs*, No. 16-cv-111-TLW, 2017 WL 1239146, at *4 (N.D. Okla. Mar. 31, 2017) (explaining that though defendants cited Rule 12(b)(6) in their motion, sovereign immunity is a "jurisdictional bar," but plaintiff's claim "should be dismissed regardless of whether it is based on Rule 12(b)(1) or Rule 12(b)(6)") ; *cf. Ruiz v. McDonnell*, 299 F.3d 1173, 1180–82 (10th Cir. 2002) (analyzing whether defendant was entitled to sovereign immunity under Rule 12(b)(1), but analyzing whether defendant constituted a "person" within the meaning of § 1983 under Rule 12(b)(6)).

Plaintiff agrees with defendant's Eleventh Amendment immunity argument as it applies to "Sheriff Richards in his official capacity only." Doc. 39 at 4. But, plaintiff clarifies that, to the extent defendants argue that the court should dismiss his claims against Sheriff Richards "in his personal/individual capacity," plaintiff disagrees. *Id*. Plaintiff argues that "Sheriff Richards should remain as a defendant in his personal/individual capacity." *Id.* Defendants' Reply explicitly confirms that they move for dismissal only of the official capacity claims against Sheriff Richards. Doc. 41 at 1. Indeed, Sheriff Richards separately has filed an Answer to the Complaint for the individual capacity claims against him. *See* Doc. 31.

Because plaintiff does not contest defendants' argument that Sheriff Richards in his official capacity is entitled to Eleventh Amendment immunity, the court grants defendants' motion to dismiss on this basis. The court is mindful that different judges in this district have reached differing conclusions whether a sheriff is entitled to Eleventh Amendment immunity. *Compare Arnold v. City of Olathe, Kan.*, 413 F. Supp. 3d 1087, 1109 (D. Kan. 2019) (Murguia, J.) (holding sheriff was entitled to Eleventh Amendment immunity), *and Waterman v. Tippie*,

9

No. 18-3295-JTM, 2019 WL 2924997, at *1 (D. Kan. July 8, 2019) (dismissing official capacity claims based on Eleventh Amendment immunity and noting that "[t]he Tenth Circuit and this court have concluded that Kansas Sheriffs are state officers for Eleventh Amendment purposes"), *and Kellogg v. Coleman*, No. 18-1061-JTM, 2019 WL 2207954, at *10–11 (D. Kan. May 22, 2019) (rejecting plaintiff's argument that sheriffs in Kansas are not considered arms of the state entitled to Eleventh Amendment immunity), *and Myers v. Brewer*, No. 17-2682, 2018 WL 3145401, at *5–6 (D. Kan. June 27, 2018) (Murguia, J.) (discussing split within the district and holding Kansas sheriffs are immune under the Eleventh Amendment for official capacity claims against them),[3] *with Manley v. Bellendir*, No. 6:18-cv-1220, 2019 WL 3430563, at *2–4 (D. Kan. July 30, 2019) (Melgren, J.) (discussing split within the district and holding sheriffs actions were not entitled to Eleventh Amendment immunity), *and Estate of Holmes v. Somers*, 387 F. Supp. 3d 1233, 1257–61 (D. Kan. 2019) (Broomes, J.) (recognizing that "most decisions" from our district court "favor a finding of immunity" for Kansas sheriffs, but holding to the contrary and concluding sheriffs are arms of the county, not the state), *and Reyes v. Bd. of Cty. Comm'rs of Sedgwick Cty., Kan.*, No. 07-CV-2192-KHV, 2008 WL 2704160, at *7–9 (D. Kan. July 3, 2008) (analyzing whether sheriff was an officer of the county or a state official and holding sheriff was acting "as an arm of the county" and was "not entitled to Eleventh Amendment immunity").

---

[3] Courts concluding sovereign immunity exists often cite *Hunter v. Young*, 238 F. App'x 336 (10th Cir. 2007). In *Hunter*, the plaintiff asserted a § 1983 claim against a sheriff's officer at the Wyandotte County Detention Center, claiming the officer used excessive force during an altercation. *Id.* at 336–37. The district court had held "that the Eleventh Amendment barred the official-capacity claim and that qualified immunity shielded" the officer from the individual-capacity claim. *Id.* at 337. On appeal, the plaintiff argued that Kansas had waived its Eleventh Amendment immunity for the official capacity claim against the sheriff's officer. *Id.* at 338. But, the Tenth Circuit disagreed and held Kansas had not waived its "immunity against § 1983 prisoner claims in the federal courts." *Id.* So, the Tenth Circuit concluded sovereign immunity barred plaintiff's official capacity §1983 claim against the sheriff's officer. *Id.* But, the Circuit never analyzed arguments whether, in Kansas, a sheriff acts as an arm of the county or as an arm of the state. Its analysis was confined to whether Kansas had waived its immunity. *See id.*

Judges analyzing each side of this issue present thoughtful reasons favoring the differing outcomes. But here, the court need not decide which outcome should apply because plaintiff concedes dismissal of the official capacity claims is appropriate. *See* Doc. 39 at 4. Given plaintiff's conclusion and lacking the benefit of adversarial briefing, the court declines to analyze the question in the context of this case.

In sum, plaintiff does not contest defendants' argument that Sheriff Richards is entitled to Eleventh Amendment immunity for the official capacity claims against him. The court thus dismisses both the § 1983 claim and the state law claims asserted against Sheriff Richards in his official capacity. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 121–23 (1984) ("[N]either pendent jurisdiction nor any other basis of jurisdiction may override the Eleventh Amendment."); *Arnold*, 413 F. Supp. 3d at 1109 (holding sheriff was entitled to Eleventh Amendment immunity and dismissing all official capacity claims against him, including state law claims); *Shophar v. Kansas*, No. 16-CV-4043-DDC-KGS, 2017 WL 1155091, at *5 (D. Kan. Mar. 28, 2017) (explaining the Kansas Tort Claims Act specifically preserves Eleventh Amendment immunity from suit in federal court (citing *Jones v. Courtney*, 466 F. App'x 696, 700–01 (10th Cir. 2012) *and* Kan. Stat. Ann. § 75-6116(g))). This ruling does not disturb the claims against Sheriff Richards in his individual capacity. Those remain part of the case.

### C.     State Law Tort Claims

*Finally,* defendants argue the court must dismiss the state tort claims—Counts IV, VI, and VII—asserted against Franklin County and Sheriff Richards because plaintiff failed to comply with a mandatory notice requirement imposed by Kansas law, leaving the court without subject matter jurisdiction. Doc. 33 at 3, 8–9. Kan. Stat. Ann. § 12-105b(d) requires a plaintiff to given written notice to a Kansas municipality—including a county—before bringing a tort

11

claim against it or its employees. *See* Kan. Stat. Ann. §§ 12-105a(a), 12-105b(d); *see also Cano v. Denning*, No. 12-2217-KHV, 2013 WL 322112, at *8 (D. Kan. Jan. 28, 2013) (dismissing negligent supervision claim against sheriff and board of commissioners for having failed to provide required notice); *Miller v. Brungardt*, 916 F. Supp. 1096, 1099–1101 (D. Kan. 1996) (explaining Kan. Stat. Ann. § 12-105b(d)'s notice requirement is a condition precedent to filing a tort claim against a municipality and also against a municipality's employee if the employee's actions occurred within the scope of his employment, and dismissing tort claim against school district superintendent for failing to provide notice to the district, but holding notice was not required for claim against vice principal, whose actions were outside scope of his employment). Section 12-105b(d) directs a party planning to assert such a claim against a municipality or its employee to file notice "with the clerk or governing body of the municipality."

Kansas law recognizes the notice requirement in Kan. Stat Ann. §12-105b(d) as "a condition precedent to suit against a municipality." *Cano*, 2013 WL 322112, at *8 (citing *Tucking v. Bd. of Comm'rs of Jefferson Cty., Kan.*, 796 P.2d 1055, 1057 (Kan. Ct. App. 1990)). And, under Fed. R. Civ. P. 9(c), a plaintiff must allege in his Complaint that he has provided the requisite notice. *See* Fed. R. Civ. P. 9(c) (explaining that a pleading must "allege generally that all conditions precedent have occurred or been performed"). Thus, under Kansas law, a court lacks subject matter jurisdiction over a plaintiff's tort claims when plaintiff fails to plead that he has complied with Kan. Stat. Ann. § 12-105b(d). *See, e.g.*, *United States ex rel. Coffman v. City of Leavenworth, Kan.*, 303 F. Supp. 3d 1101, 1133 (D. Kan. 2018); *Coffman v. Hutchinson Cmty. Coll.*, No. 17-4070-SAC, 2017 WL 4222981, at *4 (D. Kan. Sept. 22, 2017); *Wanjiku v. Johnson Cty., Kan.*, 173 F. Supp. 3d 1217, 1236 (D. Kan. 2016).

Defendants argue that plaintiff never provided the required written notice of his negligence-based claims and has not pleaded that he satisfied all conditions precedent to suit. At least part of this argument is true. Plaintiff's Complaint never alleges that he provided the requisite notice under Kan. Stat. Ann. § 12–105b(d). And, plaintiff never contends he provided the required notice in his Response. *Cf. Huehl v. Bd. of Cty. Comm'rs of Cty. of Lincoln*, 298 P.3d 1139 (Table), No. 107,907, 2013 WL 1729259, at *7 (Kan. Ct. App. Apr. 19, 2013) (noting it may be appropriate to allow a plaintiff to amend his pleading to allege a condition precedent if evidence exists the party complied with the required Kan. Stat. Ann. § 12-105b(d) notice before filing suit despite failing to plead the condition precedent in his petition).

Plaintiff concedes that his state law claims against Franklin County and Sheriff Richards should be dismissed. Doc. 39 at 5. The court thus dismisses the tort claims—Counts IV, VI, and VIII—against Franklin County and Sheriff Richards in his official capacity because the court lacks subject matter jurisdiction over them.[4]  *See Folkers v. Drill*, No. 14-CV-02429-DDC-TJJ, 2015 WL 4598777, at *7 (D. Kan. July 29, 2015) ("The filing of a proper notice is a prerequisite to the filing of an action in district court and if it is not met the court cannot obtain jurisdiction over the municipality." (citations and internal quotation marks omitted)); *Blackmon v. U.S.D. 259 Sch. Dist.*, 769 F. Supp. 2d 1267, 1276 (D. Kan. 2011) (explaining the notice requirement under Kan. Stat. Ann. § 12-105b is "a mandatory prerequisite for a court to exercise jurisdiction" over negligence claims asserted against a municipality or its employees);

---

[4] Plaintiff concedes the court should dismiss the two negligence claims against Sheriff Richards in Counts IV and VI. *See* Doc. 39 at 5. And, plaintiff indicates in his Response that he now intends to assert Count IV's negligence claim only against defendants Brown, Lasswell, and Darnell. *See id.* Plaintiff also recites that he no longer intends to pursue Count VI's failure to train claim against any defendant. *See id.* But, Sheriff Richards only moved to dismiss these claims to the extent asserted against him in his official capacity. *See* Doc. 32. And, Sheriff Richards has filed an Answer to these claims in his individual capacity. *See* Doc. 31. So, this Order does not dismiss the individual capacity claims asserted in Counts IV and VI.

13

*Scheideman v. Shawnee Cty. Bd. of Cty. Comm'rs*, No. 95-2113-GTV, 1996 WL 89367, at *1 (D. Kan. Feb. 14, 1996) (explaining court would consider if sheriff was acting within scope of employment and, if he was, notice was required); *Estate of Belden v. Brown Cty.*, 261 P.3d 943, 974 (Kan. Ct. App. 2011) (explaining for purposes of the Kansas Tort Claims Act that a municipality includes the sheriffs and their supporting staff as county employees). The court's dismissal of these claims is without prejudice. *See Humes v. Cummings*, No. 18-2213-DDC-GEB, 2018 WL 4600717, at *4 (D. Kan. Sept. 25, 2018) (explaining a dismissal for lack of subject matter jurisdiction for plaintiff's failure to comply with Kan. Stat. Ann. § 12-105b(d)'s notice requirement should be without prejudice).

## IV.     Conclusion

For reasons explained, the court grants defendants' Motion to Dismiss (Doc. 32). The court dismisses Count II's § 1983 claim against Franklin County with prejudice because this entity lacks the capacity to be sued. The court also dismisses all official capacity claims against Sheriff Richards—Count II (§ 1983 deliberate indifference to medical needs), Count IV (breach of duty to provide medical attention while in custody), and Count VI (breach of duty to train officers and/or employees)—without prejudice because, the parties agree, Eleventh Amendment immunity precludes this court from asserting subject matter jurisdiction against Sheriff Richards on those claims. And, the court dismisses all state tort claims—Count IV (breach of duty to provide medical attention while in custody) and Count VI (breach of duty to train officers and/or employees) against both Sheriff Richards in his official capacity and Franklin County, and Count VII (breach of duty of Franklin County EMS to provide medical attention) against Franklin County—without prejudice because the court lacks subject matter jurisdiction where plaintiff has failed to allege compliance with Kan. Stat. Ann. § 12-105b(d)'s notice requirement. But, Sheriff

Richards only has moved to dismiss the official capacity claims against him.  So, the claims asserted against him in his individual capacity remain.

Finally, because the court dismisses all Counts against defendant Franklin County, Kansas with this Order, the court directs the Clerk of the Court to terminate defendant Franklin County, Kansas as a defendant in this action.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendants' Motion to Dismiss (Doc. 32) is granted, as set forth in this Order.

**IT IS FURTHER ORDERED THAT** the Clerk of the Court is directed to terminate defendant Franklin County, Kansas as a defendant in this action.

**IT IS SO ORDERED.**

**Dated this 8th day of May, 2020, at Kansas City, Kansas.**

> **s/ Daniel D. Crabtree**
> **Daniel D. Crabtree**
> **United States District Judge**